IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JONATHAN LEE BABB, | ) | |
|     Plaintiff, | ) | Civil Case No. 7:22-cv-00521 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| LT. DAVID W. WOODY, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Jonathan Lee Babb, who is currently being held at the Southwest Virginia Regional Jail in Duffield, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. The complaint is before the court for review pursuant to 28 U.S.C. § 1915A(a). For the reasons discussed herein, the court concludes that a portion Babb's complaint fails to state a claim for which relief can be granted, and so it must be dismissed without prejudice. Moreover, his claims, which seek monetary damages based on his allegations of selective prosecution or other misconduct related to his state prosecution and convictions, are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

I.  BACKGROUND

Babb's complaint names two defendants: Lt. David W. Woody, and the "Scott County Va. Sheriff's Department." His complaint does not contain a lot of detail, but he alleges that he was in a car with other individuals on May 25, 2022, and was pulled over. Babb claims that Lt. Woody and two other Scott County, Virginia sheriff's deputies showed bias toward him in deciding what charges to bring and against whom based on that stop. In particular, Babb alleges that everyone else in the car was also a felon, but he was the only one charged with the firearm in the vehicle. He also states, however, that he admitted to having the firearm. (Compl. 3.)

He also was charged for ammunition that was not his and that did not go with the firearm that was found. He asserts that the ammunition laying loose in the vehicle should have resulted in all participants being charged, but he was the only one charged. (*Id.* at 4.)

Babb attaches to his complaint a "complaint form" that Babb's girlfriend filed against Woody arising from the same incident. (Dkt. No. 1-1.) According to Babb's girlfriend, Woody retrieved drugs from the sock of another occupant of the vehicle and Babb did not have any drugs on him, but Babb was charged with the drugs. (*Id.* at 1.) She also echoes Babb's allegations that Woody should have charged the other occupants with the gun or the random bullets, but he only charged Babb. She also states that the gun recovered was hers, and that Babb had a set of postal scales on him not because he had been weighing drugs, but because he had weighed a package for her. Like Babb, she contends that Woody was biased against Babb and suggests that the bias stems from a prior incident in which Babb assaulted Woody and two other officers. (*Id.* at 2.)

For relief, Babb asks only for compensation, in the form of $2 million and legal fees.[1]

Upon review of Babb's complaint, the court concludes that his claims are subject to dismissal for the reasons discussed next.

## II. DISCUSSION

### A. Babb Does Not State a Claim Against the "Scott County, Va. Sheriff's Department."

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

---

[1] In seeking relief, Babb does not request that these other individuals be charged or prosecuted. In any event, such relief is unavailable. It is well established that private citizens can neither bring a direct criminal action against another person nor petition the federal courts to compel the criminal prosecution of another person. *See Maine v. Taylor*, 477 U.S. 131, 137 (1986); *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1973). Put differently, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

2

committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

As for Babb's claim against the "Scott County Sheriff's Department," no legal entity with that name exists; Virginia merely authorizes and identifies the duties of a sheriff and his deputies. *Cf.* Va. Code Ann. §§ 15.2-1609, 15.2-1609.1. And even if Babb had named the Scott County Sheriff himself, a sheriff in Virginia is an "arm of the State" for purposes of the Eleventh Amendment and is entitled to Eleventh Amendment immunity from suit. *Bland v. Roberts*, 730 F.3d 368, 390–91 (4th Cir. 2013); *see also Cadmus v. Williamson*, No. 5:15-cv-045, 2016 WL 1047087, at *4–*5 (W.D. Va. Mar. 10, 2016) (dismissing with prejudice claims for money damages against the sheriff in his official capacity). "[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Thus, all § 1983 claims seeking money damages against the sheriff in his official capacity are subject to dismissal.[2]

For the foregoing reasons, the second named defendant in this case, the "Sheriff's Department" will be dismissed.

---

[2] Babb does not identify any action or omission by the sheriff himself that could give rise to an individual-capacity claim.

### B. Babb's Claim Is Barred by *Heck v. Humphrey*

In addition to failing to state a claim against one named defendant, Babb's entire complaint must be dismissed without prejudice for a more fundamental reason. Specifically, his claim—which the court construes as a selective enforcement or selective prosecution claim—is barred by *Heck*, 512 U.S. 477.

Although Babb does not provide information in his complaint about his criminal convictions, Scott County Circuit Court records indicate that he was convicted on a number of charges arising from his May 25, 2022 arrest date.[3] The charges include both weapons and drug charges, in case numbers CR 22000622 through CR 22000626 and CR 22000662. He pled guilty to those charges. On November 4, 2022, he was sentenced to five years, with all five years suspended, in each of cases CR22000622, -623, -624, and -625. In case CR22000626, he was sentenced to five years, with three years suspended, to run consecutive to other sentences. In case CR22000662, he was sentenced to twelve months, with twelve months suspended, which was to run concurrent with other sentences.

*Heck* precludes a § 1983 claim that would "necessarily imply the invalidity of [the plaintiff's] conviction or sentence," because "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486–87. Instead, "habeas corpus is the appropriate remedy" for a state prisoner to challenge his conviction or sentence. *Id.* at 482. *Heck* thus held that if granting relief, including monetary relief, on a civil claim would necessarily call into question the validity of a criminal judgment, then the civil case cannot proceed unless the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

---

[3] *See* Fed. R. Evid. 201(b)(2) (permitting a federal court to take judicial notice of certain facts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (stating a federal court may in the interests of justice take judicial notice of state court proceedings that involve the issues pending in the federal court).

question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87.

For *Heck* to apply and bar a plaintiff's § 1983 claim, two requirements must be met: (1) a judgment in favor of the plaintiff must necessarily imply the invalidity of the plaintiff's conviction or sentence; and (2) the claim must be brought by a claimant who is either (a) currently in custody or (b) no longer in custody because the sentence has been served, but nevertheless could have practicably sought habeas relief while in custody. *Covey v. Assessor of Ohio Cnty.*, 777 F.3d 186, 197 (4th Cir. 2015) (citations and alterations omitted).

Both of these requirements are met here. As noted, the court construes his claim that Lt. Woody was biased against him as one of selective enforcement or selective prosecution. Unsurprisingly, courts have concluded that selective prosecution claims and similar claims clearly call into question the validity of a criminal conviction. *See, e.g.*, *Schwartz v. New Mexico Corr. Dep't Prob. & Parole*, 384 F. App'x 726, 730 (10th Cir. 2010); *Omegbu v. Milwaukee Cnty.*, 326 F. App'x 940, 942–43 (7th Cir. 2009) (concluding selective prosecution claim was barred by *Heck*); *Gibson v. Superintendent of N.J. Dep't of Law & Public Safety*, 411 F.3d 427, 440–41 (3d Cir. 2005), *cert. denied*, 126 S. Ct. 1571 (2006) ("[I]f a person can demonstrate that he was subjected to selective enforcement in violation of his Equal Protection rights, his conviction will be invalid."); *Mitchell v. Andrews*, No. 3:21CV339, 2022 WL 3702089, at *4 (E.D. Va. Aug. 26, 2022) (concluding that claim of selective prosecution was barred by *Heck* because it directly challenges conviction); *Weeks v. Camuti*, No. DKC-19-1525, 2019 WL 3220148, at *3 (D. Md. July 17, 2019) (same); *Osborne v. Carey*, No. 2:16-cv-01651, 2017 WL 939008, at *11 (S.D. W. Va. Mar. 9, 2017) ("Plaintiff's selective prosecution claim is . . . barred by *Heck*.").

As to the second *Heck* requirement, which can be satisfied by the plaintiff being in custody, it also is met. As discussed in describing Babb's convictions and sentences, he is

currently in custody serving sentences imposed as a result of the events he attempts to challenge in this lawsuit.

For these reasons, Babb's claims are barred by *Heck*. The court will thus dismiss them for failure to state a claim for which relief can be granted.[4]

### III.  CONCLUSION

For the foregoing reasons, Babb's complaint will be dismissed without prejudice for failure to state a claim. An appropriate order will be entered.

Entered: December 6, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[4] Not all U.S. Courts of Appeals treat a case dismissed pursuant to *Heck* as a dismissal "for failure to state a claim." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 n.2 (2020). The Fourth Circuit does not appear to have spoken on the issue, but it has stated in an unpublished decision that a dismissal based on *Heck* should be without prejudice. *Omar v. Chasanow*, 318 F. App'x 188, 189 (4th Cir. 2009) (per curiam). Because Babb's claim against the other defendant is subject to dismissal on the grounds that he has failed to state a claim, and in the absence of any additional guidance from the Fourth Circuit, the court concludes that dismissal without prejudice on the basis that Babb has failed to state a claim is appropriate.